IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN QUALLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-567-GPM |
| | ) |
| ROBERT HERTZ and | ) |
| JOSEPH GULASH, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiff, currently an inmate in the Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis,* and he has tendered his initial partial filing fee as ordered. In his complaint, Plaintiff presents a litany of gripes about conditions he endured in the Madison County Jail from his arrival there in May 2003 through early September 2003, when he filed this action; each of these gripes is discussed below.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>  (2) seeks monetary relief from a defendant who is immune from such
>  relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; parts of this action are legally frivolous and, thus, subject to summary dismissal.

### PRE-TRIAL DETAINEES GENERALLY

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective."  *Id.* at 539.  *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).  At the same time, "[t]he conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'"  *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985).  Lapses from minimum standards of sanitation may be excusable where such conditions are temporary and affect only a few individuals.  *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994); *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988).

**1. GRIEVANCE PROCEDURE**

Plaintiff's first claim involves the handling of grievances at Madison County Jail. He states that in August 2003, he presented Hertz and Gulash with a multi-part grievance. In response, Gulash came to the cell block, briefly reviewed the grievance, and orally rendered his opinion that the grievance had no merit. Plaintiff is upset that Gulash would not provide him with a photocopy of the grievance, nor would Gulash sign it. Plaintiff alleges that such handling of his grievance constitutes a denial of due process.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Plaintiff is not entitled to any particular procedures in the handling of his grievances, and no constitutional violation occurred when an oral opinion was rendered. Therefore, Plaintiff's claim regarding the handling of his grievances is dismissed from this action with prejudice.

**2. LOCK-DOWN**

Plaintiff states that on two different occasions, he was "locked down" for no reason, and unspecified privileges were revoked. He alleges that this treatment constitutes a violation of his rights to due process.

Although confinement of pretrial detainees may not be punitive, *see Bell*, 441 U.S. at 535,

> a pretrial detainee can be punished for misconduct that occurs while
> he is awaiting trial in a pretrial confinement status. Notably, the basis
> for this punishment is not the underlying crime of which he stands
> accused; rather, this punishment is based upon the detainee's actions

while in pretrial confinement.

*Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). The Seventh Circuit has also recognized that, for pretrial detainees, procedural protections are required prior to the imposition of any punishment. *Rapier*, 172 F.3d at 1005; *Whitford v. Boglino*, 63 F.3d 527, 531 n.4 (7th Cir. 1995) (indicating in dictum that a due process hearing is required). *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974).

Plaintiff alleges that he was accorded no due process at all before being locked down; therefore, the Court is unable to dismiss this due process claim at this point in the litigation. *See* 28 U.S.C. § 1915A.

### 3. HAIRCUTS

Plaintiff states that Madison County Jail does not provide free haircuts to inmates. Instead, a local barber periodically comes in to provide services, charging $3-5 per haircut. In the four-month period covered by the complaint, the barber only came once; Plaintiff alleges that he was denied a haircut at that time.

The Court is unaware of any constitutional provision requiring that an inmate be provided with a free haircut, or with any haircut at all. Therefore, Plaintiff's claim regarding haircuts is dismissed from this action with prejudice.

### 4. SANITATION

Plaintiff contends that the living area of Madison County Jail was dirty, and there was significant soap build-up in the shower area. He alleges that he made daily requests for cleaning supplies, but those requests were denied.

A detainee has no constitutional right to confinement in comfort, *see Martin v. Tyson*,

845 F.2d 1451, 1457 (7th Cir.), *cert. denied*, 488 U.S. 863 (1988) (detainee has no right to a pillow, new tennis shoes, or frequent laundry service); *cf. Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986), but he does possess a right to adequate heat and shelter. *Henderson v. DeRobertis*, 940 F.2d 1055, 1059 (7th Cir. 1991), *cert. denied*, 503 U.S. 966 (1992).

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Allegations of cobwebs, mold, and soap scum simply do not present a viable constitutional claim. Therefore, Plaintiff's claim regarding the cleanliness of Madison County Jail is dismissed from this action with prejudice.

### 5. MEALS

Plaintiff believes that his daily breakfast of two glazed doughnuts and a carton of milk is inadequate; he also feels the same way about his daily dinner of a sandwich served with three cookies, a portion of soggy chips, and a carton of juice. He alleges that such a diet constitutes a violation of the County Jail Act, which provides that

> [t]he Warden of the jail shall furnish each prisoner daily with as much clean water as may be necessary for drink and personal cleanliness, and serve him three times a day with wholesome food, well cooked and in sufficient quantity. The Warden of the jail in counties of the first and second class shall procure at the expense of the county, all necessary foods and provisions for the support of the prisoners confined in the jail, and shall employ suitable persons to prepare and serve the food for the prisoners, or otherwise provide

>   suitable food service.

730 ILCS 125/15.

These allegations, grounded only on an Illinois statute, are insufficient to support a civil rights claim. That is, Section 1983 imposes liability only for violations of rights which are protected by the Constitution and the laws of the United States. *West v. Atkins*, 487 U.S. 42, 49 (1988); *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Therefore, Plaintiff's claims regarding the quality of food at the jail are dismissed from this action with prejudice.

### 6. RECREATION

Plaintiff claims during his time at Madison County Jail, Defendants "repeatedly denied [him] recreation." The Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened." *Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986). "Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." *Harris*, 839 F.2d at 1236.

In this case, Plaintiff does not allege that he was deprived of all exercise, however, only that he was denied outdoor exercise. Although space may have been limited, Plaintiff could have improvised by jogging in place or by doing aerobics in his cell, thus alleviating his tension, stiffness, and depletion of energy. *See, e.g., Harris*, 839 F.2d at 1236. Consequently, Plaintiff's claim regarding denial of outdoor exercise time is dismissed from this action with prejudice.

### 7. LAW LIBRARY

Plaintiff next alleges that he was continually denied access to the law library to research and

investigate case law. He filed a grievance about this situation, which was denied.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S. Ct. 1002 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603.

In this case, Plaintiff does not make a single allegation suggesting that he suffered any detriment to any ongoing litigation. Therefore, he has not presented a viable constitutional claim, and his claim regarding law library access is dismissed from this action with prejudice.

**8. MEDICAL CARE**

In this claim, Plaintiff alleges that he suffered from headaches, nausea, restlessness, and tooth problems during his stay in Madison County Jail. He states that he was not provided with prompt, thorough medical evaluations or treatments, resulting in poorer health and mental anguish. He filed a grievance about his medical care, but that grievance was denied.

> A state official violates the due process rights of a pretrial detainee when she acts with deliberate indifference toward the detainee's serious medical needs. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991); *Salazar v. City of Chicago*, 940 F.2d 233, 239 (7th Cir. 1991). The Seventh Circuit has observed that "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Brownell*, 950 F.2d at 1290. In this sense, the due process standard is analogous to that utilized in the Eighth Amendment context, where prison officials may be found liable for disregarding a substantial risk to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). In both cases, the relevant inquiry is whether the official actually knew about the plaintiff's condition, not whether a reasonable official should have known. Compare *Brownell*, 950 F.2d at 1291 (applying a subjective standard in the Fourteenth Amendment context) with *Farmer*, 511 U.S. at 837, 114 S. Ct. 1970 (applying a subjective standard in the Eighth Amendment context).

*Qian v. Kautz*, 168 F.3d 949, 955-56 (7th Cir. 1999).

Although Plaintiff's claims are not overly specific, the Court is unable to dismiss his medical claims at this point in the litigation. *See* 28 U.S.C. § 1915A.

**9. COPIES AND LEGAL FORMS**

Plaintiff's final claim is that Defendants refused to make copies for him; they also refused to provide him with a copy of his trust fund statement. This claim is similar to his claims regarding access to the law library, in that Plaintiff does not make a single allegation suggesting that he

suffered any detriment to any ongoing litigation as the result of Defendants' refusal to provide him with photocopies. Therefore, he has not presented a viable constitutional claim, and his claim regarding copies and legal forms is dismissed from this action with prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's claims regarding (1) the handling of grievances, (3) haircuts, (4) sanitation, (5) meals, (6) recreation, (7) law library access, and (9) copies and legal forms are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **GULASH** and **HERTZ**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **GULASH** and **HERTZ** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Madison County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with that Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained

from the County pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of FED. R. CIV. P. 4(d)(2) unless the Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED:  06/06/05

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge
