IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN QUALLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:03-cv-567-GPM |
| | ) | |
| ROBERT HERTZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by Chief District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1 (a) for a Report and Recommendation on the Motion to Dismiss filed by the defendants, Robert Hertz (Sheriff) and Joseph Gulash (Captain and Jail Superintendent) (Doc. 12), on August 10, 2005.  For the reasons set forth below, it is **RECOMMENDED** that the Motion to Dismiss be and **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

On September 3, 2003, the plaintiff, Steven Qualls (Qualls), while a pretrial detainee at the Madison County Jail[1], filed a Complaint pursuant to 42 U.S.C. §1983 (Doc. 1).[2]  Qualls alleges that he was not afforded any due process before being placed on lockdown for 48 hours

---

[1] Qualls is currently an inmate at the Graham Correctional Center.

[2] The District Court organized Qualls' Complaint into nine counts in its Memorandum and Order dated June 8, 2005 (Doc. 7).  However, the District Court dismissed Counts 1,3,4,5,6,7, and 9 with prejudice.  Therefore, this Report and Recommendation only addresses the remaining counts, which are counts 2 and 8.

on July 4 and 5, 2003 and again for 24 hours on August 3, 2003 (Doc. 1, p. 4). Additionally, Qualls alleges that defendants acted with deliberate indifference to his serious medical needs while he was incarcerated at the Madison County Jail (Doc. 1, p. 5b) from May 2003 through early September 2003 (Doc. 7 p. 1).

For purposes of this Motion to Dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inference in favor of Qualls. Jet, Inc., v. Shell Oil Co., 381 F. 3d 627, 629 (7th Cir. 2004). Therefore, the following facts are taken from Qualls' Complaint and are assumed true for purposes of this motion. On July 4 and 5, 2003 Qualls was locked down for 48 hours without any explanation (Doc. 1, p. 4). Qualls was again placed on lockdown on August 3, 2003 for 24 hours without any explanation (Doc. 1, p. 4-5). On both occasions, privileges were revoked, no disciplinary reports were filed and no hearing was held before a disciplinary committee. (The jail did not have one.) (Doc. 1, p.4, 5). The Madison County Jail had no formal grievance procedure (Doc. 1, p. 5). Qualls wrote out grievances and sent them to Sheriff Hertz and Captain Gulash (Doc. 1 p. 3, 4). Qualls states that he was not afforded due process (Doc. 1 p. 4, 5b). While at the Madison County Jail, Qualls suffered from headaches, nausea, restlessness and tooth pain (Doc. 1, p 5b). Qualls was not provided with prompt, thorough medical or dental evaluations or treatments or appointments resulting in poor health, tooth pain, headaches, physical distress and mental anguish (Doc. 1, p. 5b). He states that this amounted to deliberate indifference towards his serious medical needs (Doc. 1, p. 5b). Qualls states that he sent "his grievance issues" to the Sheriff, Robert Hertz, and the Jail Superintendent, Captain Joseph Gulash (Doc. 1, p. 3, 4). Defendant Gulash personally informed Qualls that his grievances were denied (Id.).

Qualls is seeking $400,000.00 per defendant in compensatory damages and $400,000.00 per defendant is punitive damages. Chief District Judge Murphy, in his preliminary review of Qualls' Complaint, determined that Qualls' claim for violation of his rights to due process prior to his placement on lockdown and his claim for deliberate indifference towards Qualls' serious medical needs were not subject to dismissal at that point in the litigation (Doc. 7, p.7, 9).

### CONCLUSIONS OF LAW

Defendants, Robert Hertz and Joseph Gulash, are seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). [3] Rule 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of plaintiff. Jet, Inc. v. Shell Oil, Co., 381 F.3d 627, 629 (7th Cir. 2004) (discussing a Rule 12(b)(6) motion to dismiss). A complaint can only be dismissed if "there is no possible interpretation of the complaint under which it can state a claim." Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004).

The plaintiff in a suit filed in federal court does not need to plead facts, he can plead conclusions. Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995). The conclusions only need provide the defendants of minimal notice of the claim. Id. at 154. A complaint that is in compliance with the Federal Rules of Civil Procedure cannot be dismissed on the ground that it is conclusory. See Higgs v. Carver, 286 F. 3d 437, 439 (7th Cir. 2002). The defendant only need be put on notice of what the claim is so he can file an answer. Id. Based on the foregoing,

---

[3] This Court will not consider the grievance the defendants have attached to their Motion to Dismiss (Doc. 12) as the motion before the Court is a Motion to Dismiss, not a Motion for Summary Judgment.

this Court finds that Quall's Complaint is sufficient under the Federal Rules of Civil Procedure to put defendants on notice of his claims. Additionally, Qualls has stated facts, which state claims.

## QUALIFIED IMMUNITY

Defendants argue that they are entitled to qualified immunity. Defendant Hertz argues that he is entitled to qualified immunity because it is not alleged in the Complaint that he personally participated in the lockdown or in the deliberate indifference to Qualls' serious medical need. Defendants both argue that they are entitled to be dismissed from the lawsuit, regarding the lockdown, on the grounds of qualified immunity because the law regarding lengthy lockdowns was not clearly established in 2003.

## INDIVIDUAL CAPACITY

Qualls' Complaint does not allege whether he is suing the defendants in their official capacity or in their individual capacity. However, he does not allege that the injury was caused by an official policy or custom. Qualls is requesting monetary damages, not injunctive relief. The Court, therefore, construes Qualls' Complaint as a suit against the defendants in their individual capacity. Defendant Hertz argues that Qualls does not allege that he did personally participated in either constitutional deprivation and, therefore, Qualls' allegations are insufficient.

Defendant Hertz is correct in stating the Qualls must allege personal involvement on his part in order to assert a claim for money damages against him pursuant to § 1983 in his individual capacity. See e.g. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). Qualls' Complaint alleges that he addressed and sent his grievances to Sheriff Hertz. Qualls alleges that

4

the Madison County Jail does not have a grievance procedure in place. As there is no specific grievance procedure in place, Qualls manufactured his own grievance form and addressed it to each of the defendants. Qualls has alleged that he sent his grievance to Hertz and that Hertz was aware of his grievances. At this point in the litigation (the pleading stage), the Court does not find that there is no possible interpretation of the Complaint under which it can state a claim. Therefore, Qualls has minimally stated a claim that Hertz was personally involved.

## LOCKDOWN

The defendants correctly state the law on qualified immunity first requires the plaintiff to allege the violation of a constitutional right, and second, the Court must decide whether the right in question was clearly established at the time the events took place. Saucier v. Katz, 533 U.S. 194, 200 (2001). Qualified immunity should only be granted if the officials conduct does not violate any clearly established statutory or constitutional right which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818(1982). The parameters of the right must be sufficiently clear so that a reasonable official would understand that his action violates that right. Anderson v.Creighton, 483 U.S. 635, 640(1987). In order to decide whether a defendant is entitled to qualified immunity, the Court takes the facts in the light most favorable to the plaintiff and determines whether a constitutional right was violated.

Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." Bell v. Wolfish, 441 U.S. 520, 535 (1979). Pretrial detainees cannot be punished for the crime for which they are being held. Rapier v. Harris, 172 F. 3d 999, 1003 (7th Cir. 1999). A detainee is not entitled to process if he is placed in segregation for managerial reasons and not as

punishment. Higgs v. Carver, 286 F. 3d 427, 438 (7th Cir. 1988). However, pretrial detainees can be punished for misconduct while in pretrial detention. Id. at 1005. Such punishment can be imposed only after the pretrial detainee has been afforded procedural protections. Id. at 1005.

The issue before this Court now is whether the Complaint asserts, not proves, that Qualls constitutional right to due process were violated. Qualls states that he was locked down for 48 hours from July 4 to July 5, 2003 without being given a reason. He was again locked down without being given a reason on August 11, 2003. Qualls states that on both occasions privileges were revoked. He further states that even though the Madison County Jail had no formal grievance process, he wrote a multi-part grievance to both defendants. The Seventh Circuit recently reiterated that "[p]laintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of." Doe v. Smith, 429 F. 3d 706, 708 (2005). Qualls has sufficiently alleged that the defendants punished him without due process. "The federal rules require . . . only that the complaint state a claim, not that it plead facts that if true would establish . . . that the claim was valid." Higgs, 286 F. 3d at 439 (7th Cir. 1988). Therefore, this Court finds that Qualls has stated a claim for violation of his rights to due process.

Defendants further argue that they are entitled to qualified immunity because the law was not clearly established in 2003 that it was a violation of the due process clause of the constitution to lockdown a pretrial detainee for 24 to 48 hours. They cite to Hart v. Sheahan, 396 F.3d 887 (7th Cir. 2005) for the proposition that the law regarding lengthy lockdowns of pretrial detainees was clearly established in 2003. The Court finds this case to be distinguishable. The Hart case

dealt with lockdowns that occurred monthly for 48 to 50 hours.  Id.  The basic premise of the complaint in Hart was during the monthly lockdown, the pretrial detainees were subject to a serious risk of harm due to the length of detention and the fact that during this 48 - 50 hours, the detainees were kept out of sight and hearing of the guards Id. at 894.   There is no allegation in this case that any safety issues were raised by the lockdown.  As stated *supra,* the Court is construing Qualls' Complaint as a suit against defendants in their individual capacity and that the lockdown was punishment and occurred without due process.  The law that pretrial detainees cannot be punished prior to an adjudication of guilt and can only be punished for misconduct while in pretrial detention after being afforded due process of law, has been clearly established since prior to 2003.  See, Wolfish  and Rapier, *supra*.   Therefore, this Court finds that Qualls' has stated a claim for violation of his right to due process of law.

## MEDICAL CARE

Defendants argue that Qualls has not made sufficient allegations to establish inadequate medical care.  Additionally, defendant Hertz alleges that Qualls has not alleged personal involvement by Hertz.  As addressed *supra*, Qualls has alleged personal involvement by Defendant Hertz.

"Although the Eighth Amendment does not apply to pretrial detainees, pretrial detainees are entitled to *at least* as much protection as the constitution provides convicted prisoners."  See Board v. Farnham, 394 F. 3d 469, 477 (7th Cir. 2005) (citations omitted).  The 8th Amendment protects an inmate from "'deliberate indifference to his basic needs.'"Id.  at 478.  "The Eighth Amendment protects a detainee not only from deliberate indifference to his or her *current* serious health problems, but also from deliberate indifference to conditions posing an

unreasonable risk of serious damage to *future* health.  Id. at 479 (citations omitted).   The 7th Circuit has held that "dental care is one of the most important medical needs of inmates."  Id. at 480 citing Wynn v. Southward, 251 F. 3d 588, 593 (7th Cir. 2001) (citations omitted).

Qualls states that he had persistent tooth pain and headache for the 2 ½ months while incarcerated in the Madison County Jail and that he addressed grievances to both defendants regarding his tooth pain and headaches.  He further states that the defendants did not address his medical problem.   At this stage, it does not appear beyond doubt that Qualls can prove no set of facts consistent with his complaint that would entitle him to relief so his allegations regarding this issue should not be dismissed.  Qualls' Complaint sufficiently places the defendants on notice of his claim, which is all Qualls is obligated to do at this point.  The allegations in his Complaint do not rule out the possibility that the defendants acted deliberately.  This allegation is sufficient to demonstrate that Qualls had a serious medical need regarding his tooth.

For the reasons set forth above, it is the **RECOMMENDATION** of this Court that defendant's Robert Hertz and Joseph Gulash Motion to Dismiss (Doc.12) be **DENIED**  and that the District Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after the service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 15, 2006.**

                              **s/ Donald G. Wilkerson**
                              **DONALD G. WILKERSON**
                              **United States Magistrate Judge**